819 F.2d 1138
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Marvin C. MATHENA, Petitioner-Appellant,
v.
Allyn R. SIELAFF, Respondent-Appellee.
 No. 86-7659.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 18, 1987.
Decided May 22, 1987.
 
 Deborah C. Wyatt, Gordon & Wyatt, for appellant.
 Jacqueline G. Epps, Office of the Attorney General, for appellee.
 Before WIDENER, HALL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Marvin Clifton Mathena, a Virginia inmate, seeks a certificate of probable cause to appeal the judgment of the district court dismissing his petition for a writ of habeas corpus. See 28 U.S.C. Sec. 2254. In his federal petition Mathena, by counsel, alleges:
 
 
 2
 (1) The evidence was insufficient for a conviction in that the Commonwealth introduced no medical or physical evidence against him; his convictions were based upon the uncorroborated testimony of the ten year old victim; and the victim's testimony was inconsistent.
 
 
 3
 (2) He was denied the right to due process in that he was denied the use at trial of a report of a medical examination conducted on the victim which constituted either improperly withheld discovery or newly discovered evidence.
 
 
 4
 Respondent moved for summary judgment contending, among other things, that absent a showing of cause and prejudice for the default, Mathena was procedurally barred from federal review of his withheld discovery claim because he failed to appeal the trial court's resolution of the claim to the Supreme Court of Virginia. See Wainwright v. Sykes, 433 U.S. 72 (1977). Despite being afforded the opportunity to do so, Mathena never responded to the motion for summary judgment and made no showing of cause and prejudice for his procedural default.
 
 
 5
 The district court addressed claim (1) on the merits and concluded that the evidence was sufficient and that Mathena was not entitled to habeas relief. See Jackson v. Virginia, 443 U.S. 307 (1979). The district court found that Mathena was procedurally barred from federal review on that portion of claim (2) concerning withheld discovery because he failed to raise the issue on appeal to the Supreme Court of Virginia. As to the remainder of claim (2) the district court, relying on the record developed in the state court at the evidentiary hearing on this issue, found that the claim was insufficient as a matter of constitutional law to entitle Mathena to habeas relief.
 
 
 6
 Mathena contends on appeal that the district court should have requested evidence and/or briefing on the issue of cause and prejudice for his procedural default, and that, in light of the Supreme Court's decision in Murray v. Carrier, --- U.S. ----, 54 U.S.L.W. 4820 (June 26, 1986), Mathena's petition should have been dismissed without prejudice to permit exhaustion of an ineffective assistance claim. Although the issue of procedural default was squarely presented to Mathena in the respondent's motion for summary judgment, he failed to offer any cause for his default. The district court committed no error in failing to impute ineffective assistance to Mathena's state appellate counsel in order to find cause. This is particularly so in the absence of any allegation of state counsel ineffectiveness made by Mathena in the proceedings before the district court. Similarly, in the absence of a request to do so, the district court was not required to sua sponte amend the petition to add a Sixth Amendment ineffective assistance of counsel claim, and then dismiss the petition without prejudice in order for Mathena to exhaust state remedies as to that claim.
 
 
 7
 Mathena also takes issue with the district court's treatment of his newly discovered evidence claim. We find his contentions in this regard to be equally unavailing. In the context of direct appeal from a criminal conviction, we have stated that in order for newly discovered evidence to warrant a new trial--
 
 
 8
 (a) the evidence must be in fact, newly discovered, i.e., discovered since the trial;
 
 
 9
 (b) facts must be alleged from which the court may infer diligence on the part of the movant;
 
 
 10
 (c) the evidence relied on, must not be merely cumulative or impeaching;
 
 
 11
 (d) it must be material to the issues involved; and
 
 
 12
 (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.
 
 
 13
 Mills v. United States, 281 F.2d 736, 738 (4th Cir.1960).
 
 
 14
 In evaluating the materiality of evidence which the prosecution has failed to disclose, the Supreme Court has stated that: "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." United States v. Bagley, --- U.S. ----, 53 U.S.L.W. 5084, 5088 (July 2, 1985). Even assuming that the Bagley standard for withheld favorable evidence is applicable to claims of newly discovered evidence, a decision that we need not reach for purposes of this case, the result in Mathena's case would be the same. The standard by which the state trial judge evaluated the medical report as newly discovered evidence was not unlike, or inconsistent with, the standard announced in Mills, or the standard announced in Bagley that is urged by Mathena. Moreover, our independent review of this claim leads us to conclude that, had the medical report been available to Mathena for use during his trial, the outcome of his trial would not have been different.
 
 
 15
 We have carefully examined the record in this case, including the medical report, and the state court transcripts of the trial and the evidentiary hearing. We find no error in any of the rulings of the district court and dismiss this petition on that court's reasoning. Mathena v. Sielaff, C/A No. 85-1046-R (W.D.Va., July 15, 1986).
 
 
 16
 Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument, deny a certificate of probable cause to appeal, and dismiss the appeal.
 
 
 17
 DISMISSED.